UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUTIMA UTHES SUTTON,<br><br>           Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | Case No. ED CV 11-424-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

This case is before the Court a second time, following an order of remand with directions to the Agency for further proceedings consistent with the Court's order. (Administrative Record ("AR") 327-40.) Plaintiff complains that, after the Court remanded the case, the Administrative Law Judge ("ALJ") failed to follow the Court's remand order. For the following reasons, the Court agrees. The ALJ's decision is reversed and the Agency is ordered to calculate an award of benefits for the closed period from October 30, 2003 to November 16, 2005. In addition, the ALJ is again ordered to explain the basis for his previous finding that Plaintiff was unable to work during the

closed period but was able to work thereafter despite the fact that the ALJ found that Plaintiff's residual functional capacity remained the same throughout the entire period.

## II.

## ANALYSIS

Because the Court has already issued a detailed decision explaining the facts and law in this case, *see Sutton v. Astrue*, ED CV 08-1659-PJW, (AR 327-40), it need not repeat them here.  Suffice it to say that, after the ALJ issued a decision granting Plaintiff's application for disability insurance benefits for a closed period and denying benefits for the period that followed, Plaintiff appealed to this court alleging that the ALJ erred when he: 1) found that her medical condition had improved after November 16, 2005; 2) failed to properly consider her and her husband's testimony; and 3) used the "Grids" at step five.  The Court agreed with Plaintiff in part and remanded the case to the Agency to allow the ALJ to: (1) explain how he determined that Plaintiff was unable to work during the closed period but could work thereafter despite the fact that the ALJ had determined that her residual functional capacity was the same before and after; and (2) reconsider Plaintiff's testimony and consider for the first time her husband's testimony.  (AR 327-40.)  The Agency chose not to appeal and, therefore, the Court's remand order was binding on the Agency.

On remand, the ALJ inexplicably reconsidered his decision that Plaintiff was disabled during the closed period and this time found that she was not.  As a result, he denied her application for benefits in toto.  This was inconsistent with the order of remand and constitutes error.  *See Sullivan v. Hudson*, 490 U.S. 877, 885-886

(1989); *see Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1213-1217, 1224 (C.D. Cal. 2005) (holding under the law of the case doctrine and the "broader" rule of mandate the ALJ abused his discretion by going beyond the issue identified in the district court's remand order, taking evidence on additional issues, "produc[ing] a third decision out of whole cloth," and denying benefits on remand at step four when the remand order did not authorize the ALJ "to disturb or revisit" his step-four determination); *see also Ruiz v. Apfel*, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998) (remanding for further administrative proceedings where the remand order "makes it very plain that the remand was for a limited purpose," and there was "no basis for the ALJ to review issues that had been determined in plaintiff's favor" and not appealed). As the Supreme Court explained in *Sullivan*:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan,* 490 U.S. at 885-86 (citations omitted).

The ALJ's decision is hereby reversed and the case is remanded to the Agency for a calculation of benefits for the closed period. In addition, the ALJ is again ordered to explain the basis for his conclusion in 2007 that, based on Plaintiff's residual functional capacity, she was unable to work from October 2003 to November 2005,

but that, with the same residual functional capacity, she was able to work thereafter.

As a result of the Court's ruling above, Plaintiff's second issue--that the ALJ failed to properly consider the medical expert's and the vocational expert's testimony at the second hearing--is moot.

The remaining issue raised by Plaintiff has to do with the ALJ's credibility findings. He found that Plaintiff was not credible because: she was not taking pain medication to deal with her alleged severe pain; the record disclosed that she had exaggerated her claims of pain; she was able to play golf despite claims of intolerable pain; and the medical records did not support her claimed level of pain and incapacity. (AR 320.)

The Court assesses this finding in light of the ALJ's obvious effort to countermand the order of this Court. Even so, there is a factual basis for each of his findings and the law supports the ALJ's discounting of her testimony on these grounds. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's testimony about her activities undermined her claims of disabling pain); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (claimant's failure to seek treatment for supposedly excruciating pain was proper basis for rejecting her testimony); and *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ can consider lack of medical evidence as a factor in determining credibility). As such, the ALJ's finding that Plaintiff was not credible is affirmed.

Plaintiff argues that the ALJ also erred when he rejected parts of her husband's testimony. Again, the Court disagrees. As a lay witness, the ALJ was only required to set forth reasons that were germane to the husband for discounting his testimony. *Dodrill v.*

*Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ noted that the husband's statement that his wife regularly played golf and performed numerous household chores was inconsistent with his other statements that she suffered from disabling pain. (AR 320.) These reasons are supported by the record and are germane to the husband's testimony. Therefore, the ALJ's finding that parts of the husband's testimony were not believable will not be disturbed.

### III.
### CONCLUSION

For the reasons set forth above, the ALJ's decision is reversed and the case is remanded to the Agency for the limited purpose of: (1) calculating Plaintiff's benefits for the closed period and awarding those benefits; and (2) allowing the ALJ to explain how he determined in 2007 that Plaintiff's disability prevented her from working during the closed period but not thereafter despite the fact that her residual functional capacity remain unchanged.

IT IS SO ORDERED.

DATED: January 12, 2012.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SUTTON, 424\memo and order.wpd